John GIORDANO, Plaintiff–Appellant,

v.

MARKET AMERICA, INC., and
The Chemins Company, Inc.,
Defendants–Appellees.

No. 06–2071–cv.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2008.

Brian J. Issac, Pollack, Pollack, Isaac & De Cicco, for Sanders, Sanders, Block & Woycik, P.C. (Joseph B. Viener, of counsel), New York, NY, for Appellant.

Andrew Zajac, Fiedelman & McGaw, Jericho, NY, for Appellee Market America, Inc.

Edward J. Stolarski, Jr., Wilbraham, Lawler & Buba, Philadelphia, PA, for Appellee The Chemins Company, Inc.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff John Giordano's complaint alleges personal injury resulting from ingestion of the ephedra-based dietary supplement manufactured and distributed by the defendants. The district court dismissed the complaint on the ground that the applicable statute of limitations had run at the time the complaint was served. We assume the parties' familiarity with the facts and procedural history of the case.

The district court decided that N.Y. C.P.L.R. § 214–c(4), which, in certain circumstances, provides a one-year statute of limitations running from the date of discovery of the cause of the injury, is inapplicable to Giordano's claim. The district court concluded that because the purported injurious effects of ephedra on Giordano were not "latent effects" within the meaning of N.Y. C.P.L.R. § 214–c, the limitations period provided by section 214–c(4) did not apply. The generally applicable three-year statute of limitations in N.Y. C.P.L.R. § 214 had run at the time Giordano brought the action, and the district

court concluded that his action was therefore untimely.

The grounds for the district court's conclusion raise difficult questions of New York law, such as whether section 214–c(4) is limited to injuries resulting from the "latent effects" of a substance and whether Giordano's alleged injury was the result of such a "latent effect." We decline to address these questions now. Even if Giordano's position on them is correct and the district court was in error, Giordano would still have the additional burden under section 214–c(4) of establishing that "technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined" prior to the expiration of the three-year limitations period that would otherwise run from the date of discovery of his injury as provided in section 214–c(2). N.Y. C.P.L.R. § 214–c(4). Because the district court concluded that the absence of "latent effects" precluded application of section 214–c(4) in any event, it did not reach this question.

The defendants assert on appeal that, as a matter of law, Giordano cannot demonstrate that the requisite scientific or medical knowledge was unavailable to him within the three-year limitations period provided by section 214–c(2)—that is, by the third anniversary of the manifestation of his injury in March 1999—as required by section 214–c(4). They point to several expert reports reviewed by the court in its *Daubert* hearings that discussed studies relating to the adverse effects of ephedra published prior to the expiration of that limitations period in March 2002.

Giordano contends to the contrary that scientific and medical knowledge sufficient to ascertain the cause of his injury was not "discovered, identified or determined" until the FDA banned ephedra in February 2004. He also argues that, while there may have been a consensus in the medical community that ephedra had certain physiological effects, there was no generally held view that ephedra caused aneurysms or strokes.

We have observed that the New York legislature likely "intended CPLR § 214–c(4) to refer only to scientific knowledge that was 'reasonably available' to the plaintiff." *Freier v. Westinghouse Elec. Corp.*, 303 F.3d 176, 207 (2d Cir.2002), *cert. denied*, 538 U.S. 998, 123 S.Ct. 1899, 155 L.Ed.2d 824 (2003). We have also pointed out that the meaning of "discovered, identified or determined," N.Y. C.P.L.R. § 214–c(4), is not crystal clear. *See Freier*, 303 F.3d at 206 ("[I]s 'scientific knowledge' 'discovered'? Is 'scientific knowledge' 'determined'—and if so, does the word 'determined' connote a consensus?").

The record is not well enough developed for us to determine in the first instance whether there is a genuine issue as to the existence of medical or scientific "knowledge and information sufficient to ascertain the cause of [Giordano's] injury," N.Y. C.P.L.R. § 214–c(4), prior to March 2002, when the three-year limitations period set forth in section 214–c(2) expired. The FDA did not ban ephedra until February 2004. The defendants point to reports of experts from the *Daubert* hearings in the consolidated cases which they contend show that scientific evidence existed prior to March 2002, but it is difficult for us to evaluate their significance. The district court, which held the *Daubert* hearings, is in a better position to review the evidence in the first instance, and to seek further evidence if it deems that to be necessary, in order to determine if there is a genuine issue of material fact as to whether sufficient scientific or medical evidence was reasonably available to Giordano such that he could have ascertained the cause of his injury prior to March 2002.

Following the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), a mandate shall issue forthwith REMANDING this cause to the district court for it to decide, after completion of such additional proceedings as it may deem necessary or advisable, whether there is a genuine issue of material fact as to whether sufficient scientific or medical knowledge was available to Giordano such that he could have ascertained the cause of his injury prior to the expiration of the three-year limitations period provided by section 214–c(2). After the district court's decision in this regard, any party to this appeal may restore jurisdiction to this court within 30 days by letter to the Clerk's Office seeking review, without need for a new notice of appeal. The Clerk's Office will then set a briefing schedule and refer the appeal to this panel for disposition without oral argument unless otherwise ordered.