06-2071-cv
Giordano v. Market America, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: November 8, 2007          Final Submission: April 7, 2009

Certified Question Answered: November 18, 2010;

Decided: February 8, 2011)

Docket No. 06-2071-CV

-------------------------------------

JOHN GIORDANO,

Plaintiff-Appellant,

- v -

MARKET AMERICA, INC., and THE CHEMINS COMPANY, INC.,

Defendants-Appellees.

-------------------------------------

Before:    McLAUGHLIN, CABRANES, and SACK, Circuit Judges.

Appeal by the plaintiff from a judgment entered in the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge) granting summary judgment to the defendants on statute-of-limitations grounds.  We certified three questions to the New York Court of Appeals, see Giordano v. Mkt. Am., Inc., 599 F.3d 87 (2d Cir. 2010), which it has now answered, see Giordano v. Mkt. Am., Inc., 15 N.Y.3d 590, --- N.Y.S.2d ---, --- N.E.2d ---, 2010 WL 4642451, 2010 N.Y. LEXIS 3284 (Nov. 18, 2010).  In light of those answers, the judgment of the district court is:

Vacated and Remanded.

BRIAN J. ISAAC, Pollack, Pollack, Isaac & De Cicco, LLP, for Sanders, Sanders, Block & Woycik, P.C. (Joseph B. Viener, of counsel), New York, New York, for Plaintiff-Appellant.

ANDREW ZAJAC, Fiedelman & McGaw, Jericho, New York, for Defendant-Appellee Market America, Inc.

EDWARD J. STOLARSKI, JR., Wilbraham, Lawler & Buba, Philadelphia, Pennsylvania, for Defendant-Appellee The Chemins Company, Inc.

PER CURIAM:

We return for a third time to this appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge) granting summary judgment to the defendants on statute-of-limitations grounds. See In re Ephedra Prods. Liab. Litig., No. 04-MD-1598, 2006 WL 944705, 2006 U.S. Dist. LEXIS 18691 (S.D.N.Y. Apr. 10, 2006) ("Ephedra"). We assume the parties' and readers' familiarity with the facts and lengthy procedural history of this case, and the issues presented on appeal,[1] which we repeat here only as we think necessary to explain our resolution of this appeal.

---

[1] See Giordano v. Mkt. Am., Inc., 599 F.3d 87 (2d Cir. 2010) (certifying question to the New York Court of Appeals); In re Ephedra Prods. Liab. Litig., 598 F. Supp. 2d 535 (S.D.N.Y. 2009) (answering question posed by this Court pursuant to remand under United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994)); Giordano v. Mkt. Am., Inc., 289 F. App'x 467 (2d Cir. 2008) (summary order) (identifying question to be addressed by the district court on Jacobson remand); In re Ephedra Prods. Liab. Litig., No. 04-MD-1598, 2006 WL 944705, 2006 U.S. Dist. LEXIS 18691 (S.D.N.Y. Apr. 10, 2006) (granting summary judgment in favor of the defendants).

The district court's grant of summary judgment rested on its interpretation of section 214-c(4) of the New York Civil Practice Law and Rules, which extends the statute of limitations in certain tort cases arising out of exposure to an allegedly harmful substance.[2] As an initial matter, the district court determined that, although section 214-c(4) does not include the word "latent" in its text, "its express reference to [subdivisions] 2 and 3 [of section 214-c, which explicitly do require latency], and the cases interpreting § 214-c as a whole, show that [subdivision] 4's additional time to discover the cause of injury operates only for injuries caused by latent effects."

---

[2] Section 214-c(4) provides:

> Notwithstanding the provisions of subdivisions two and three of this section, where the discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to subdivision two or three of this section the plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of subdivisions two and three of this section.

N.Y. C.P.L.R. 214-c(4).

3

*Ephedra*, 2006 WL 944705, at \*1, 2006 U.S. Dist. LEXIS 18691, at \*3. Based upon this understanding, the district court concluded that "[a] stroke allegedly caused by ephedra is not an injury caused by latent effects," within the meaning of 214-c(4), *id.*, because strokes caused by ephedra usually occur within hours or days of a person's ingestion of the substance – too short a time to be "latent," *id.*, 2006 WL 944705, at \*1, 2006 U.S. Dist. LEXIS 18691, at \*4.

The district court's interpretation of section 214-c(4) raised what we considered to be "difficult questions of New York law." *Giordano v. Mkt. Am., Inc.*, 289 F. App'x 467, 468 (2d Cir. 2008) (summary order) ("*Giordano I*"). We therefore certified three questions to the New York Court of Appeals:

> 1. Are the provisions of N.Y. C.P.L.R. § 214-c(4) providing for an extension of the statute of limitations in certain circumstances limited to actions for injuries caused by the latent effects of exposure to a substance?

> 2. Can an injury that occurs within 24 to 48 hours of exposure to a substance be considered "latent" for these purposes?

> 3. What standards should be applied to determine whether a genuine issue of material fact exists for resolution by a trier of fact as to whether "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [the plaintiff's] injury" was "discovered, identified or determined" for N.Y. C.P.L.R. § 214-c(4) purposes?

*Giordano v. Mkt. Am., Inc.*, 599 F.3d 87, 101 (2d Cir. 2010) ("*Giordano II*"). The Court of Appeals answered them as follows:

4

(1) the provisions of CPLR 214-c(4) are limited to actions for injuries caused by the latent effects of exposure to a substance;

(2) an injury that occurs within hours of exposure to a substance can be considered "latent" for these purposes; and

(3) "technical, scientific or medical knowledge and information sufficient to ascertain the cause of [the plaintiff's] injury" is "discovered, identified or determined" within the meaning of the statute when the existence of the causal relationship is generally accepted within the relevant technical, scientific or medical community.

Giordano v. Mkt. Am., Inc., 15 N.Y.3d 590, ---, --- N.Y.S.2d ---, ---, --- N.E.2d ---, ---, 2010 WL 4642451, at --,[3] 2010 N.Y. LEXIS 3284, at **1 (Nov. 18, 2010) ("Giordano III") (brackets in original).  In light of these responses, we vacate the district court's judgment and remand the matter to the district court for further proceedings.

Summary judgment was not warranted here for two reasons.

First, contrary to the district court's conclusion, under the New York Court of Appeals' decision, the plaintiff's injury could be "latent" for the purposes of C.P.L.R. 214-c(4) despite the short time between Giordano's ingestion of ephedra and the onset of his injury.  The Court has advised that the fact that Giordano developed the aneurism and suffered the subsequent strokes within days, or even hours, of his ingestion of Thermo-Chrome 5000, a supplement containing ephedra, does not foreclose

---

[3]    The New York Reports citation and Westlaw version of the Court of Appeals' opinion are not paginated; pinpoint citations are therefore unavailable.

a finding of latency.  See Giordano III, 15 N.Y.3d at ---, --- N.Y.S.2d at ---, --- N.E.2d at ---, 2010 WL 4642451, at --, 2010 N.Y. LEXIS 3284, at **10-**14.  Inasmuch as the district court did not evaluate whether the plaintiff has created a triable issue of fact on the issue, it may do so in the first instance on remand.  If there is such an issue of fact, and if the plaintiff prevails on the second issue outlined below, the factual issue will of course have to be resolved by a trier of fact.

Second, insofar as the plaintiff's claims are not foreclosed as a matter of law by section 214-c(4)'s latency prerequisite, the district court must decide on remand whether there was "general acceptance of [the] relationship [between ephedra and aneurism and strokes] in the relevant technical, scientific or medical community," Giordano III, 15 N.Y.3d at ---, --- N.Y.S.2d at ---, --- N.E.2d at ---, 2010 WL 4642451, at --, 2010 N.Y. LEXIS 3284, at **16-**17, at some time "prior to the expiration of the period within which the action or claim would have been authorized," N.Y. C.P.L.R. 214-c(4), under the three-year statute of limitations generally applicable to cases involving personal injury arising from exposure to a certain substance, see N.Y. C.P.L.R. 214-c(2).  On our earlier remand pursuant to United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir. 1994), see Giordano I, 289 F. App'x at 469, the district court concluded that, assuming the plaintiff's injury could be considered latent, "genuine issues of material fact remain[] to be resolved" under any standard for determining "whether the

6

information available prior to March 2002 was sufficient to 'enable' the medical or scientific 'community' to 'ascertain' the 'probable' causal relationship between ephedra and Giordano's injury," <u>In re Ephedra Prods. Liab. Litig.</u>, 598 F. Supp. 2d 535, 537 (S.D.N.Y. 2009). The district court itself has thus recognized to that extent the existence of questions for a finder of fact. If the plaintiff's causes of action are not foreclosed by the district court's judgment as to "latency," the "general acceptance" issues, too, will have to be resolved by a trier of fact.

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded for further proceedings.